UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRANDIE ROBERTS, individually and as next friend of L.S., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:24-cv-04114-SLD |
| OFFICER JASON HAYES, OFFICER EDDIE SHAMBLIN, OFFICER OWENS, JUDGE ANDREW DOYLE, ABINGDON POLICE DEPARTMENT, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, MISTY LAMPLEY, BERG'S TOWING AND AUTOMOTIVE INC., MARK SHERWIN, MAURICE BARRY, JOHN DOE 1-5, and ILLINOIS STATE POLICE, ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

ORDER

The matter comes before the Court for merit review of Plaintiff Brandie Roberts's—individually and as next friend of L.S.—First Amended Complaint, ECF No. 4, and for ruling on her motion to proceed *in forma pauperis* ("IFP"), ECF No. 3; motion to request counsel, ECF No. 5; motion for leave to file documents electronically, ECF No. 6; motion to extend the time for service, ECF No. 8; and motion for waiver of PACER fees, ECF No. 10. For the reasons that follow, the motions to proceed IFP, for leave to file documents electronically, and to extend the time for service are GRANTED; the motions to request counsel and for waiver of PACER fees are DENIED; and the First Amended Complaint is DISMISSED IN PART for failure to state a claim.

## BACKGROUND

Plaintiff's allegations cover two somewhat interrelated matters: a traffic stop and resulting conviction; and her parental rights over her son, L.S. Regarding the first matter, Plaintiff alleges that she was stopped while driving a bus on August 27, 2022 by Defendant Officer Jason Hayes and Defendant Officer Owens of Defendant Abingdon Police Department. First Am. Compl. 2.[1] Hayes and Owens "initiated the stop citing improper use of registration, lack of insurance, and an unregistered trailer." *Id.* Hayes, Owens, and a third officer, Defendant Officer Eddie Shamblin—the First Amended Complaint does not make clear when Shamblin arrived at the scene—required that the bus be towed "to a destination of Plaintiff's choice" and then stated they would conduct an inventory search. *Id.* at 3. Instead, they conducted a pretextual and investigatory search. *Id.* The "search led to the discovery of a substance that field-tested positive for methamphetamine, resulting in Plaintiff's arrest and subsequent charges." *Id.* Defendant Judge Andrew Doyle "refused to suppress the evidence" from the search. *Id.* Plaintiff was convicted, but the appellate court vacated her conviction after finding that the evidence found in the search should have been suppressed. *Id.*; *People v. Roberts*, 2024 IL App (4th) 230419-U, ¶ 67 ("[W]e reverse the trial court's denial of defendant's motion to suppress, vacate defendant's conviction for possession of methamphetamine, and remand for further proceedings."). The case was later dismissed by the State. *People v. Roberts*, 2022CF419, Knox County, IL, https://judici.com/courts/cases/case_history.jsp?court=IL048025J&ocl=IL048025J,2022CF419,IL048025JL2022CF419D1 (last visited Dec. 2, 2024). Plaintiff alleges that she "was unlawfully

---

[1] The Court uses the page numbers generated by CM/ECF because the document is not paginated and the paragraph numbers are repeated throughout.

detained for approximately 5.5 hours during and after the traffic stop, an excessive duration given the minor nature of the alleged traffic violations." First Am. Compl. 3.

Regarding her parental rights, Plaintiff alleges that Judge Doyle issued an order of protection against her "without sufficient evidence, significantly impacting her parental rights and resulting in a 14-month loss of custody" of L.S. *Id.* This order of protection was vacated by the appellate court. *Id.*; *Sherwin v. Roberts*, 2023 IL App (4th) 220904-U, ¶ 3. Plaintiff further alleges that Defendant Lisa Zimmerman, an employee of Defendant Department of Children and Family Services ("DCFS"), "conducted an unlawful search of [her bus] without notification or authorization" after it had been towed, presumably referring to the August 27, 2022 stop and resulting tow. First Am. Compl. 2–3. Photos taken during Zimmerman's search "were then used as evidence" in an ongoing investigation by DCFS to claim that there was environmental neglect in Plaintiff's home. *Id.* at 3–4. Plaintiff alleges that Zimmerman and Defendant Mark Sherwin—father of L.S.—withheld L.S. from Plaintiff without court orders. *Id.* at 4. Plaintiff alleges that Sherwin and Defendant Maurice Barry, Sherwin's attorney, conspired "to misuse the domestic violence act to deprive Plaintiff of her parental rights." *Id.* Plaintiff also alleges that Zimmerman "coerced [her] by demanding a drug screen and refusing to release" L.S. to her "until a drug screen was taken" and that Zimmerman and Defendant Misty Lampley, another DCFS employee and supervisor of the investigation against Plaintiff, altered her drug screen results. *Id.*

Plaintiff asserts most of her claims via 42 U.S.C. § 1983. In Count I, she alleges that Hayes, Shamblin, Owens, Berg's Towing and Automotive Inc. ("Berg's"), and Judge Doyle violated her Fourth Amendment rights by conducting an unlawful search and seizure of her bus. *Id.* at 4–5. In Count II, she alleges that Judge Doyle, DCFS, Zimmerman, Lampley, and Sherwin

3

violated her Fourteenth Amendment due process rights "by unlawfully withholding her minor child without a valid court order and conducting coercive, unauthorized actions that deprived her of her parental rights." *Id.* at 5.  In Count III, she alleges that Hayes, Shamblin, and Owens violated her Fourth and Fourteenth Amendment rights by unlawfully detaining her for 5.5 hours. *Id.*  In Count IV, she alleges via 42 U.S.C. § 1985(3) that Hayes, Shamblin, Owens, Judge Doyle, DCFS, Zimmerman, Lampley, and Sherwin "conspired to deprive [her] of her constitutional rights, including her rights to due process, familial integrity, and protection from unlawful search and seizure." *Id.* at 6.  In Count V, she asserts a state law false imprisonment claim against Hayes, Shamblin, and Owens.  *Id.*  In Count VI, she alleges a state law claim of intentional infliction of emotional distress against all Defendants. *Id.* at 6–7.  In Count VII, she asserts *Monell* claims against the Abingdon Police Department and Defendant Illinois State Police.  *Id.* at 7.  She requests compensatory and punitive damages as well as injunctive and declaratory relief and attorneys' fees. *Id.* at 7–8.

## DISCUSSION

### I. IFP Motion

Plaintiff moves to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1).  She submitted an affidavit signed under penalty of perjury which demonstrates that she is unable to pay the costs of the proceeding.  IFP Mot. 1–5.  Her motion to proceed IFP, therefore, is GRANTED.

### II. Merit Review

#### A. Legal Standard

The court must dismiss a complaint brought by an individual proceeding IFP if it determines the complaint "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii); *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015).  The Federal

4

Rule of Civil Procedure 12(b)(6) standard applies when determining if a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Thus, the court takes all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The court must also dismiss a complaint if the plaintiff "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

### B. Analysis

First, the Court addresses one claim that needs to be dismissed in its entirety. Then the Court addresses Defendants against whom all or some claims need to be dismissed.

#### i. Conspiracy to Interfere with Civil Rights Under 42 U.S.C. § 1985(3)

Section 1985(3) provides a cause of action against those who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." To state a claim under § 1985(3), a plaintiff must allege:

> (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens.

*Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) (quotation marks omitted).

"To establish that the purpose of the conspiracy is to deprive a person or class of persons of equal protection of the laws, the plaintiff must allege some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." *Id.* (quotation marks omitted). Plaintiff alleges that there was a conspiracy to deprive her of her constitutional rights, First Am. Compl. 6, but she does not allege any class-based animus, *cf. Brokaw*, 235 F.3d at 1024 (noting that "class-based invidiously discriminatory animus includes conspiracies to

5

discriminate against persons based on sex, religion, ethnicity or political loyalty" (quotation marks omitted)); *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016) (noting that "racial or class-based discriminatory animus" is "a required element" of a § 1985(3) claim). Instead, she alleges that the "[p]urpose of the conspiracy was to deprive [her] of her parental rights and to interfere with her ability to exercise those rights without due process of law." First Am. Compl. 6. Because Plaintiff does not allege the type of conspiracy covered by § 1985(3), this claim is DISMISSED.

### ii. Judge Doyle

"[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). "[Judicial immunity] confers complete immunity from suit, not just a mere defense to liability . . . ." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). "[J]udicial immunity is broad," but "it is not limitless." *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018). "A judge does not enjoy immunity if he or she is acting in the 'clear absence of all jurisdiction,' rather than simply in 'excess of [the judge's] authority," *id.* (alteration in original) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)), or "for non-judicial acts," *id.* "[T]hree factors generally govern the determination of whether a particular act or omission" is judicial:

> (1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, i.e., whether the parties dealt with the judge as judge.

*Dawson*, 419 F.3d at 661 (quotation marks omitted).

Plaintiff complains that Judge Doyle refused to suppress evidence in her criminal case and issued an order of protection against her. First Am. Compl. 3  These are certainly judicial

6

acts—these are the types of actions judges take, they were matters of discretion or judgment, and were taken within the context of court cases. And there is nothing to suggest that the acts were taken in absence of all jurisdiction such as if Judge Doyle had entered orders in another judge's case. *Cf. Kowalski*, 893 F.3d at 997 (finding that a judge "acted in the clear absence of jurisdiction" when she "gratuitously inserted herself into a case proceeding before another judge"). Judge Doyle is entitled to judicial immunity for the monetary damages claims against him. Plaintiff does not seek injunctive relief against Judge Doyle, so all claims against Judge Doyle are DISMISSED WITH PREJUDICE.

### iii. DCFS

DCFS is an Illinois state agency created by statute. *See* 20 ILCS 505/1. "States and their agencies are not 'persons' for the purpose of § 1983 and therefore cannot be sued for damages under that statute." *Salem v. Att'y Registration & Disciplinary Comm'n of Sup. Ct. of Ill.*, 85 F.4th 438, 443 (7th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)); *Rainey v. Samuels*, 130 F. App'x 808, 811 (7th Cir. 2005) (finding that Illinois's DCFS was "not itself a proper party, as it is an arm of the state and therefore not a 'person' for purposes of § 1983"). Any claim against DCFS under § 1983, then, is DISMISSED WITH PREJUDICE.

The only other claim asserted against DCFS is the intentional infliction of emotional distress claim. To assert an intentional infliction of emotional distress claim under Illinois law, a plaintiff "must [allege] that (1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress." *Swearnigen-El v. Cook County Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010). Plaintiff does not allege any

conduct by DCFS itself that would support an intentional infliction of emotional distress claim. Accordingly, this claim is DISMISSED as to DCFS for failure to state a claim.

### iv. Illinois State Police

The Illinois State Police is also an arm of the state, *see, e.g.*, 20 ILCS 2610/1, so the § 1983 claims against the Illinois State Police are DISMISSED WITH PREJUDICE. The state law intentional infliction of emotional distress claim is DISMISSED as to the Illinois State Police for failure to state a claim because Plaintiff does not allege that the Illinois State Police took any actions that could support such a claim.

### v. Abingdon Police Department

"It is well-established in Illinois that a police department is not a suable entity, even regarding claims arising under § 1983." *Lalowski v. City of Des Plaines*, No. 08 C 3780, 2010 WL 145860, at *2 (N.D. Ill. Jan. 8, 2010). Rather, "[p]olice departments are departments of the municipalities they serve; they do not have distinct legal existences under Illinois law," and the municipality should therefore be sued instead. *See Hall v. Vill. of Flossmoor Police Dep't*, No. 11-CV-5283, 2012 WL 379902, at *2 (N.D. Ill. Feb. 1, 2012). The Court SUBSTITUTES the City of Abingdon for the Abingdon Police Department.

However, the claims against the City of Abingdon—the intentional infliction of emotional distress and *Monell* claims—are DISMISSED for failure to state a claim. Much like with respect to the Illinois State Police and DCFS, Plaintiff does not allege that the City of Abingdon itself took any actions that could support an intentional infliction of emotional distress claim. Thus, the intentional infliction of emotional distress claim is DISMISSED as to the City of Abingdon.

Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978), municipalities may be sued directly under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Plaintiff alleges that the City of Abingdon "had policies, practices or customs that caused the constitutional violations against Plaintiff." First Am. Compl. 7. But she has not identified the policies, practices, or customs that resulted in her constitutional injury. Plaintiff must do more than recite the elements of the claim. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("[C]onclusory allegations merely reciting the elements of the claim are not entitled to th[e] presumption of truth [when determining plausibility]."). The *Monell* claim is DISMISSED.

### vi. Berg's

Plaintiff asserts Fourth Amendment and intentional infliction of emotional distress claims against Berg's. Both are DISMISSED.

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted)). Plaintiff alleges that Hayes, Shamblin, and Owens unreasonably searched her bus without a warrant, probable cause, or consent and that the search was not justified by an

9

exception to the warrant requirement. First Am. Compl. 4. Plaintiff alleges that Berg's, a towing business, "acting in concert with state actors, authorized the unlawful search . . . while [the bus] was impounded, further violating [Plaintiff's] Fourth Amendment rights." *Id.* at 2, 4.

While "[p]rivate action can become state action when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights," *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009), "mere allegations of joint action or a conspiracy" are insufficient, *Scott v. Univ. of Chi. Med. Ctr.*, 107 F.4th 752, 758 (7th Cir. 2024) (quotation marks omitted). To plausibly allege that private parties acted under color of state law, a plaintiff must allege that the private actors and state actors reached an agreement to deny the plaintiff a constitutional right and that the private actors were "willful participant[s] in joint activity with the State or its agents." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (alteration in original) (quotation marks omitted); *see id.* ("For an individual to act under color of law, there must be evidence of a *concerted effort* between a state actor and that individual.").

There are insufficient allegations in the First Amended Complaint to support an inference that Berg's acted under color of law. A conclusory allegation that Berg's acted in concert with the police officers does not suffice—there must have been an agreement between Berg's and the officers to deny Plaintiff's Fourth Amendment rights. All the First Amended Complaint states, however, is that Berg's allowed officers to search Plaintiff's vehicle. The Fourth Amendment claim against Berg's is DISMISSED.

That the only allegation Plaintiff makes against Berg's is that it authorized others to enter and search Plaintiff's bus while it was in the impound lot dooms her intentional infliction of emotional distress claim as well. To be "extreme and outrageous," a defendant's "conduct must

10

be so extreme as to go beyond all possible bounds of decency." *Swearnigen-El*, 602 F.3d at 864 (quotation marks omitted). Letting police and state actors search a car that was impounded cannot meet this standard. Even if it did, Plaintiff has not made any allegation that would suggest that Berg's knew its conduct was likely to cause her severe emotional distress. There allegations about Berg's conduct are simply inadequate to find that it committed intentional infliction of emotional distress, so the claim is DISMISSED against Berg's.

### vii. Fourteenth Amendment Due Process Claim Against Sherwin

The due process clause of the Fourteenth Amendment provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. In the arena of child custody, a plaintiff may bring a claim for a violation of procedural due process for the failure to provide adequate process before a deprivation of custody or a violation of the substantive due process right to familial relations. *See, e.g.*, *H.P. ex rel. Parker v. Kelley*, 586 F. Supp. 3d 844, 850–55 (S.D. Ill. 2022). "A family's right to remain together without the coercive interference of the awesome power of the state" is one aspect of substantive due process. *See Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 478 (7th Cir. 2011) (quotation marks omitted). But this right is not absolute—it "must be balanced against the state's interest in protecting children from abuse." *Id.* (quotation marks omitted). "To achieve this balance, 'caseworkers must have some definite and articulable evidence giving rise to a reasonable suspicion of past or imminent danger of abuse before they may take a child into protective custody.'" *Kelley*, 586 F. Supp. 3d at 853 (quoting *Hernandez*, 657 F.3d at 478).

Plaintiff alleges that Zimmerman, Lampley, and Sherwin violated her Fourteenth Amendment right to due process by withholding her minor child from her. First Am. Compl. 5. The Court must dismiss this claim against Sherwin. Sherwin is L.S.'s father and Plaintiff's

conclusory allegation that he "acted in concert with DCFS agents," *id.*, is insufficient to show that he was acting under color of law, *see Scott*, 107 F.4th at 758. The Fourteenth Amendment claim against Sherwin is DISMISSED.

### viii. Conclusion

The following claims remain: Count I (Fourth Amendment violation) against Hayes, Shamblin, and Owens; Count II (Fourteenth Amendment violation) against Zimmerman and Lampley; Count III (unlawful detention) against Hayes, Shamblin, and Owens; Count V (state law false imprisonment) against Hayes, Shamblin, and Owens; Count VI (intentional infliction of emotional distress) against Hayes, Shamblin, Owens, Zimmerman, Lampley, Sherwin, and Barry.

All claims against Judge Doyle are DISMISSED WITH PREJUDICE. The § 1983 claims against DCFS and the Illinois State Police are DISMISSED WITH PREJUDICE. Plaintiff is granted leave to file an amended complaint that repleads any other dismissed claim to cure the deficiencies identified in this Order.

### III.    Motion to Request Counsel

#### A. Legal Standard

Under the federal IFP statute, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, the court must determine: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 32122 (7th Cir.

1993)). Litigating a case includes "evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* at 655. In considering whether the difficulty of the case exceeds the plaintiff's capacity to litigate it, the court considers "the plaintiff's literacy, communication skills, educational level, and litigation experience" as well as the plaintiff's "intellectual capacity and psychological history." *See id.*

### B. Analysis

Plaintiff does not provide any information to suggest that she has made a reasonable attempt to obtain counsel or any documentation of such an attempt. Moreover, the only information in Plaintiff's motion that potentially speaks to why she needs counsel is that her highest level of education is some college. *See* Mot. Request Counsel ¶ 5. This level of education suggests to the Court that Plaintiff is competent to present her case, *see Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015) (finding that denial of counsel was reasonable where the plaintiff had attended some college), particularly at this early stage of the litigation, *cf. id.* at 785 (suggesting that advanced-stage litigation tasks are more difficult than initial stage activities).

The motion requesting counsel is DENIED WITHOUT PREJUDICE. If Plaintiff chooses to file another motion to request counsel, she must provide documentation of her attempt to obtain counsel and explain why she is not competent to litigate this case herself.

### IV. Other Issues

Plaintiff's motion for leave to file electronically is GRANTED. If she has not already done so, Plaintiff is directed to register for electronic filing by: 1) obtaining a PACER Account at www.pacer.gov; and then 2) requesting filer permission by following the instructions found at

Registering for an E-Filing Account at the bottom of the Court's web page at: https://www.ilcd.uscourts.gov/content/attorney-admission-pacer.

Plaintiff's motion for waiver of PACER fees is DENIED. Plaintiff has already been sent copies of all court orders filed in this case. And once she is registered for e-filing, she will receive a free copy of all future filings in these cases. The only non-case-related argument Plaintiff makes is that she needs to use PACER to conduct legal research. *See* Mot. Waiver PACER Fees 1. But PACER does not charge for accessing judicial opinions. Plaintiff has not identified a justification for the Court to waive all PACER fees.

Plaintiff's motion to extend the time to obtain service is GRANTED. Because Plaintiff is proceeding IFP, the Court serves all process, *see* 28 U.S.C. § 1915(d), and it does not order service until after conducting a merit review. The Court will attempt service on the remaining parties now.

Plaintiff is once again reminded of her obligation to comply with Federal Rule of Civil Procedure 5.2 and Civil Local Rule 5.11, particularly her obligation to use only her minor son's initials. The Clerk is DIRECTED to redact Plaintiff's son's name in the caption of the motion to extend the time to serve, in the caption of the motion to request counsel, and on page three of the motion to proceed IFP and replace those documents with the redacted versions on CM/ECF.

## CONCLUSION

Accordingly, Plaintiff Brandie Roberts's motion to proceed *in forma pauperis*, ECF No. 3, is GRANTED. Her First Amended Complaint, ECF No. 4, is DISMISSED IN PART. Plaintiff's claims against Defendant Judge Andrew Doyle are DISMISSED WITH PREJUDICE. The Clerk is directed to terminate Judge Doyle as a party on the docket. The claims under 42 U.S.C. § 1983 against Defendants Department of Children and Family Services and Illinois State

Police are DISMISSED WITH PREJUDICE. Plaintiff's remaining claims against the Department of Children and Family Services, the Illinois State Police, all claims against Defendant Berg's Towing and Automotive Inc., the conspiracy claim, and the Fourteenth Amendment claim against Defendant Mark Sherwin are DISMISSED. The City of Abingdon is substituted for the Abingdon Police Department. The Clerk is DIRECTED to terminate the Abingdon Police Department as a party on the docket and add the City of Abingdon as a Defendant on the docket. The claims against the City of Abingdon are DISMISSED. Plaintiff may file an amended complaint, if desired, by January 6, 2025 to replead any claim dismissed other than those dismissed with prejudice.

The remaining claims of the First Amended Complaint are: Count I (Fourth Amendment violation) against Defendants Hayes, Shamblin, and Owens; Count II (Fourteenth Amendment violation) against Defendants Zimmerman and Lampley; Count III (unlawful detention) against Hayes, Shamblin, and Owens; Count V (state law false imprisonment) against Hayes, Shamblin, and Owens; Count VI (intentional infliction of emotional distress) against Hayes, Shamblin, Owens, Zimmerman, Lampley, Sherwin, and Defendant Maurice Barry.

The motion to request counsel, ECF No. 5, is DENIED WITHOUT PREJUDICE. The motion for waiver of PACER fees, ECF No. 10, is DENIED. The motion for leave to electronically file documents, ECF No. 6, is GRANTED. Plaintiff is DIRECTED to register for electronic filing as explained in this Order. Plaintiff is once again reminded of her obligation to comply with Federal Rule of Civil Procedure 5.2 and Civil Local Rule 5.11, particularly her obligation to use only her minor son's initials. The Clerk is DIRECTED to redact Plaintiff's son's name in the caption of the motion to extend the time to serve, in the caption of the motion to request counsel, and on page three of the motion to proceed IFP and replace those documents

with the redacted versions on CM/ECF. The motion to extend the time for service, ECF No. 8, is GRANTED.

    IT IS FURTHER ORDERED that:

1) This case is now in the process of service against the remaining Defendants in Plaintiff's First Amended Complaint: Officer Jason Hayes, Officer Eddie Shamblin, Officer Owens, Lisa Zimmerman, Misty Lampley, Mark Sherwin, and Maurice Barry. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions so that Defendants have notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel have filed appearances will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed.

2) The Court will attempt service on Defendants by mailing requests to waive service. If Defendants agree to waive service, they will have sixty days from the date the request was sent to file answers. If Defendants have not filed answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service.

3) The Clerk is DIRECTED to prepare for each remaining Defendant: (1) a notice of lawsuit and request to waive service of summons form; (2) two copies of the waiver of service of summons, one of which is to be signed by Defendant or his counsel and returned to the Court within sixty days; and (3) a copy of the First Amended Complaint, ECF No. 4, and this Order. These items shall be mailed to each Defendant at the address shown on the proposed summonses Plaintiff prepared. *See* Proposed Summonses, ECF No. 7.

4) Once counsel have appeared for Defendants, Plaintiff need not send copies of her filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's filings electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

5) Plaintiff shall immediately notify the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

Entered this 10th day of December, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
