E-FILED
Tuesday, 18 August, 2026 02:29:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BRANDIE ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER JASON HAYES, OFFICER EDDIE SHAMBLIN, OFFICER OWENS, ILLINOIS STATE POLICE, JUDGE ANDREW DOYLE, CITY OF ABINGDON, DCFS, LISA ZIMMERMAN, MISTY LAMPLEY, BERG'S TOWING AND AUTOMOTIVE INC., MARK SHERWIN, and JOHN DOE 1-4,<br><br>Defendants. | ) | Case No. 4:24-cv-04114-SLD-RLH |

ORDER

Before the Court is Plaintiff Brandie Roberts's Motion for Appointment or Recruitment of Counsel for Minor Plaintiff L.S., ECF No. 54.[1] For the reasons that follow, the motion is DENIED.

**BACKGROUND**

Roberts, individually and as next friend of her minor son, L.S., filed this action alleging state and federal claims on July 1, 2024. *See generally* Compl., ECF No. 1. She filed an amended complaint on her and L.S.'s behalf in early 2025. *See* Second Am. Compl., ECF No. 14. The Court dismissed L.S. from the suit in its merit review of the amended complaint, noting that "[a] parent may not litigate an action *pro se* on her child's behalf." May 8, 2025 Order 1

[1] Though the motion lists case number 4:24-cv-04176, which is another case Roberts has filed in this Court, there is a note from the Clerk of Court that Roberts requested that the motion be filed in this case.

n.1, ECF No. 20 (citing *Foster v. Bd. of Educ. of City of Chi.*, 611 F. App'x 874, 877 (7th Cir. 2015)).

This is Roberts's third motion seeking assistance of counsel in this case. The Court denied her first two motions requesting counsel, each brought on her own behalf, without prejudice. Dec. 10, 2024 Order 12–13, ECF No. 11; May 8, 2025 Order 5–7. On May 19, 2026, Roberts filed the instant motion, this time seeking appointment or recruitment of counsel specifically for L.S. Mot. Appoint Counsel for Minor Pl. L.S. 1.[2] In support, Roberts attaches a log of eighteen contacts with attorneys, law firms, and legal advocacy organizations, along with supporting screenshots, declination correspondence, and intake confirmations. *See* Chart & Screenshots, Mot. Appoint Counsel for Minor Pl. L.S. Ex. A, ECF No. 54 at 6–17; Attorney Declination Emails, Mot. Appoint Counsel for Minor Pl. L.S. Ex. B, ECF No. 54 at 18–19. Roberts seeks recruitment of counsel because, among other reasons, she "is not an attorney and lacks the legal training necessary to adequately protect the independent legal interests of minor plaintiff L.S. in complex federal constitutional litigation." Mot. Appoint Counsel for Minor Pl. L.S. 3.

Defendants filed a joint response requesting that the Court deny or stay the motion because, at the time, show cause proceedings alleging Roberts failed to appear for discovery hearings were ongoing. *See generally* Joint Resp., ECF No. 56. The Court later discharged the show cause orders upon finding Roberts's explanation for her failure to appear satisfactory. June 8, 2026 Text Order, ECF No. 63 (Hanna, M.J.).

---

[2] The Court uses the page numbers generated by CM/ECF because the motion is inconsistently paginated.

## DISCUSSION

Initially, the Court notes the strange posture of Roberts's request for appointment of counsel for L.S. Any claims brought on L.S.'s behalf were dismissed because Roberts cannot represent him without an attorney. *See* May 8, 2025 Order 1 n.1. The Court accordingly construes Roberts's motion as both a motion to appoint counsel and either a motion to reconsider dismissal of L.S.'s claims or a motion to amend the complaint to include claims on behalf of L.S. The Court will address whether to appoint counsel along with whether to reinstate L.S.'s claims. *Cf. Tyagi v. Burleson*, No. 16 C 11236, 2018 WL 11707821, at *2 (N.D. Ill. Mar. 8, 2018) (noting that the court could appoint counsel to represent a minor rather than dismiss the minor's claims).

### I. Legal Standard

Under the federal *in forma pauperis* statute, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, the court must ask: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). This first inquiry is a "mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). The threshold requirement "is fairly easy to satisfy, but it is not toothless"; the purpose is to ensure that, before a court "expend[s] scarce resources," the litigant has made a good faith effort to avoid that cost by finding counsel on her own. *Vang v. Manitowoc Cnty. Jail*, No. 25-CV-1892-JPS, 2026 WL 926493, at *3 (E.D. Wis. Apr. 6,

2026). Even if the court grants a motion to recruit counsel, there is no guarantee it could find one willing to take the appointment—the court cannot require an attorney to accept appointment to a civil case. *See Pruitt*, 503 F.3d at 653.

**II. Analysis**

Roberts has satisfied the first *Pruitt* requirement. There is no bright-line rule governing what constitutes a reasonable attempt to obtain counsel; the reasonableness inquiry is flexible and depends on the circumstances of each case. *Harper v. Bolton*, 57 F. Supp. 3d 889, 891–92 (N.D. Ill. 2014). The documentation attached to Roberts's motion demonstrates she made a reasonable effort to obtain counsel before requesting the Court's assistance. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). Specifically, Roberts submitted documentation of contacts with eighteen attorneys, law firms, and legal advocacy organizations, together with attorney declinations, intake confirmations, and screenshots reflecting those efforts. The documentation shows repeated efforts to secure representation from numerous potential attorneys and organizations before seeking the Court's assistance. The Court therefore finds that Roberts made a reasonable, good faith effort to obtain counsel independently before asking the Court to recruit counsel.

Ordinarily, the Court would next consider whether the difficulty of the case exceeds the plaintiff's capacity to litigate it herself. *See Pruitt*, 503 F.3d at 654. That inquiry does little work here because L.S. is a minor and Roberts legally cannot represent him without an attorney. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) ("[A] next friend may not, without assistance of counsel, bring suit on behalf of a minor party."). L.S. also cannot represent himself. *See Evers v. Town of Grand Chute*, No. 26-CV-806, 2026 WL 1694485, at *1 (E.D. Wis. June 11, 2026) (noting that a minor is "inherently incapable of representing herself"). But

the fact that L.S.'s claims cannot proceed in this case if he is not appointed counsel does not, on its own, require the Court to recruit counsel for him (or, really, for Roberts to bring claims on his behalf). The Court's authority under 28 U.S.C. § 1915(e)(1) is discretionary, and its ability to recruit volunteer counsel is limited. *See Pruitt*, 503 F.3d at 653.

Here, the Court declines to exercise its discretion to attempt to recruit counsel for L.S. Denying recruitment of counsel will not unfairly prejudice L.S.'s ability to pursue his claims. Under Illinois law, the statute of limitations for claims that accrue during a plaintiff's minority is generally tolled until two years after the plaintiff reaches the age of eighteen. 735 ILCS 5/13-211(a); *Polk v. Dent*, No. 13 CV 9321, 2015 WL 74185, at *3 (N.D. Ill. Jan. 5, 2015). Thus, although Roberts may not litigate L.S.'s claims on his behalf in this case, denying recruitment of counsel at this time does not foreclose L.S.'s opportunity to pursue those claims in the future. Given the limited pool of volunteer attorneys available to accept civil appointments, the Court concludes that this is not an appropriate case in which to expend those scarce resources by recruiting counsel for L.S. *See Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 934 (7th Cir. June 18, 2020) ("The courts must be careful stewards of this limited resource [of volunteer civil lawyers].").

The Court also finds it appropriate to consider, in this particular procedural context, how allowing L.S.'s claims to be reinstated might affect the case at this juncture. *Cf. Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) ("[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."). Roberts waited approximately one year after the Court initially dismissed L.S. from the suit to move for counsel to represent him. During that year, a scheduling order was entered and

discovery began. Dec. 3, 2025 Text Order. Fact discovery closes in a few months. *See* July 10, 2026 Text Order, ECF No. 66 (extending the fact discovery deadline to November 13, 2026). It would set this case back if L.S.'s claims became a part of the suit—the Court would need to conduct a new merit review to identify what claims L.S. could proceed on and then the parties would need to conduct discovery on L.S.'s claims. Moreover, a large part of this case has nothing to do with L.S. Many of the claims are about a traffic stop and alleged resulting violations of Roberts's constitutional rights. *See, e.g.*, Second Am. Compl. 9–10, 17–18, 22–23, 24–25; May 8, 2025 Order 2–3. Roberts has another suit open in this Court which more thoroughly involves L.S., yet L.S.'s claims were dismissed without prejudice in that case because Roberts failed to file a timely motion to appoint counsel for L.S. *See* Apr. 24, 2026 Text Order, *Roberts v. Dep't of Child. & Fam. Servs.*, No. 4:24-cv-04176-SLD-RLH. It would make little sense to appoint counsel and hear L.S.'s more limited claims in this case while his other claims are tolled until he reaches the age of majority.

## CONCLUSION

Accordingly, Plaintiff Brandie Roberts's Motion for Appointment or Recruitment of Counsel for Minor Plaintiff L.S., ECF No. 54, is DENIED. The Court will not appoint counsel for L.S., so there is no need to vacate its earlier dismissal of L.S. from this suit. The Clerk is directed to terminate L.S. as a party on the docket and to update the docket to reflect that the Second Amended Complaint names only four John Doe Defendants.

Entered this 18th day of August, 2026

s/ Sara Darrow

SARA DARROW
UNITED STATES DISTRICT JUDGE